UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LINSEY LUMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-1050-ZMB |
| | ) | |
| HOLDEN INDUSTRIES, INC., and INDUSTRIAL SHELVING SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Linsey Lumpkins' Motions to Remand and to Dismiss Defendant Holden Industries, Inc. Docs. 20, 22. It is undisputed that a fraudulently joined defendant removed this case to federal court before a forum-state defendant was served. Because the plain text of 28 U.S.C. § 1441(b)(2) permits "snap removal," even when effectuated by a fraudulently joined defendant, the Court denies remand but grants the unopposed motion to dismiss Holden as fraudulently joined.

## BACKGROUND

Lumpkins alleges she was injured by a pedestrian swing-gate barrier that Defendants designed, manufactured, sold, and installed at her workplace. Doc. 8 ¶¶ 6–18. On June 23, 2026, she filed this action in Missouri state court, asserting claims for negligent failure to warn, negligence, and strict liability against Holden and Industrial Shelving Systems, Inc. ("ISS"). *Id.* ¶¶ 7, 9, 21–47. A week later, Holden removed the case to this Court before ISS, a forum-state defendant, could be served—a maneuver commonly known as "snap removal." Doc. 1. In support, Holden asserts that: (1) "complete diversity exists between the parties in interest," (2) a forum state defendant has not yet been served, (3) the amount in controversy exceeds $75,000.00, (4) and its Notice of Removal

was timely. Doc. 1 at 1. While acknowledging that it is non-diverse as a citizen of Illinois like Lumpkins, Holden argues it was fraudulently joined and should be disregarded for purposes of assessing diversity jurisdiction. *Id.* ¶¶ 33–35; *see also* Doc. 8 ¶ 1. Holden also suggests that its subsidiary, Wildeck, Inc., a citizen of Delaware and Wisconsin, is the real party in interest for the claims Lumpkins brought against it. Doc. 1 ¶¶ 32, 35; Doc. 1-2 ¶ 4. ISS was served[1] a week after removal. Doc. 23-1.

In July, Lumpkins filed two motions. First, recognizing that Holden was improperly named, she requested leave to file an amended complaint that replaces Holden with Wildeck. Doc. 20. Second, she moved to remand this action to state court because: (1) the removal statutes do not permit snap removal; or (2) at a minimum, snap removal is not permitted when "the Defendant that removed the case no longer has an interest in the case." Doc. 23 at 2–5. Holden opposed remand,[2] Doc. 25, and after Lumpkins filed her reply in support, Doc. 33, the motion is fully briefed.

## LEGAL STANDARD

A defendant generally may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As relevant here, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a). "However, 'a civil action [] removable solely on the basis of [diversity] may not be removed if any of the parties . . . properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Mosley v. First Student*, No. 4:25-CV-1440-CMS, 2025 WL 3466952, at *1 (E.D. Mo. Dec. 3, 2025) (citing 28 U.S.C. § 1441(b)(2)).

[1] Holden and Lumpkins dispute whether ISS was properly served. *See* Doc. 25 at 4; Doc. 33 at 2. For purposes of this order, the Court presumes without deciding that service was valid, as this issue is immaterial to remand.

[2] Holden also requests oral argument due to "conflicting decisions . . . concerning the propriety of snap removal" in this District. Doc. 25 at 5. The Court denies that request as moot in light of this Memorandum and Order.

After removal, a party may seek remand on jurisdictional grounds, and relief must be granted if it appears the court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). Once disputed, the removing party "bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Keller v. Am. Bottling Co.*, No. 4:19-CV-2895-JAR, 2020 WL 3412236, at *1 (E.D. Mo. June 22, 2020) (citations omitted). "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs.*, 699 F.3d 1027, 1031 (8th Cir. 2012) (citation omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). But "[f]ederal courts have a 'virtually unflagging obligation' to decide cases that fall within their jurisdiction." *Wassef v. Tibben*, 68 F.4th 1083, 1086 (8th Cir. 2023) (citation omitted).

## DISCUSSION

The posture of the instant remand motion is unusual. Holden argues it should not be a party to this litigation based on fraudulent joinder but also insists that the case should remain in this Court despite the post-removal service of a forum-state defendant. But while there may be compelling policy reasons to prohibit Holden's strategic maneuver, it nonetheless is permitted by statute. Because the plain text of section 1441(b)(2) allows for snap removal, even when effectuated by a fraudulently joined defendant, the Court denies Lumpkins' Motion to Remand but dismisses Holden without prejudice because the parties agree about fraudulent joinder.

### I. Snap Removal Generally

Lumpkins argues that "snap removal is inconsistent with the legislative intent behind the forum-defendant rule and the purpose of removal." Doc. 23 at 4 (citing *Laster v. Monsanto Co.*,

No. 4:18-CV-397-CAS, 2018 WL 1566846, at *3 (E.D. Mo. Mar. 30, 2018)). Holden counters that "snap removal is expressly permitted by the unambiguous language of the forum defendant rule." Doc. 25 at 2. Because this Court "must presume that a legislature says in a statute what it means and means in a statute what it says there," *Owner-Operator Indep. Drivers Ass'n v. Supervalu*, 651 F.3d 857, 862 (8th Cir. 2011) (citation omitted), Holden's argument carries the day.

The forum-defendant rule dictates that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest ***properly joined and served as defendants*** is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). "Snap removal is a rare procedural maneuver whereby an action is removed to federal court by a non-forum state defendant before the plaintiff properly joins and serves a forum-state defendant . . . ." *Mosley*, 2025 WL 3466952, at *3 (citation omitted). While the Eighth Circuit has not weighed in on the propriety of snap removal, other circuits have found the maneuver permissible. *See M & B Oil v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109–10 (8th Cir. 2023) (collecting cases).

The undersigned agrees with the prevailing view in this District that the text of section 1441(b)(2) permits snap removal. *See Tillman v. BNSF Ry. Co.*, No. 1:20-CV-178-SNLJ, 2021 WL 842600, at *3 (E.D. Mo. Mar. 5, 2021); *Mosley*, 2025 WL 3466952, at *3; *Marshall v. Mercy Hosp. E. Communities,* No. 4:25-CV-1410-SRC, 2026 WL 1875446, at *2 (E.D. Mo. June 30, 2026). Indeed, "[u]nder a textual reading of section 1441(b)(2), a forum defendant may properly remove a case before a plaintiff's service of that defendant; the text makes no reference to a plaintiff's opportunity to serve that defendant." *Id.* While policy considerations may lead to a different result, the Court's inquiry here begins and ends with the text. *See Supervalu*, 651 F.3d at 862 ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" (citation omitted)). Section 1441(b)(2) plainly allows for snap removal.

## II. Snap Removal Initiated by a Non-Interested Party

Lumpkins also argues that, even if snap removal is generally allowed, "[t]here can be no basis for snap removal if [Holden] no longer has an interest in the case" because a Missouri citizen has been joined and served prior to its substitution. Doc. 23 at 4. Holden contends that "post-removal service of the forum defendant [does not] compel[] remand if the removing defendant is thereafter dismissed." Doc. 25 at 3–4. Holden again has the better argument.

Removal to federal court is complete when the removing party files "a copy of the notice [of removal] with the clerk of [the] State court." 28 U.S.C. § 1446(d). Once removal is effected, "the State court shall proceed no further unless and until the case is remanded." *Id.* Thus, the service of a forum-state defendant after removal "is of no consequence, for snap removal purposes." *See Baele v. Univ. Healthcare Sys.*, 2023 WL 4882818, at *2 (E.D. La. Aug. 1, 2023) (holding that service of a forum-state defendant after removal did not prevent removing party from curing a deficient notice of removal by amended notice).

The Court concludes that Holden's desire to exit this case is irrelevant to the propriety of removal. Like other parties, fraudulently joined defendants may exercise the statutory right of removal. *Bova v. U.S. Bank*, 446 F. Supp. 2d 926, 931 (S.D. Ill. 2006). After all, "a fraudulently joined defendant is nonetheless 'a party defendant in the case and therefore has a right to remove based on a plaintiff's claims against' [it]." *Rymer v. Travelers Indem. Co.*, 2016 WL 4815038, at *1 (M.D. Fla. Sept. 14, 2016) (citations omitted). And courts have found removal proper where, as here, a fraudulently joined defendant simultaneously seeks to substitute another party in its place. *See Sprint Spectrum L.P. v. AT&T Commc'ns*, 2001 WL 36143293, at *4 (W.D. Mo. Feb. 8, 2001).

Lumpkins insists that the anticipated substitution of Wildeck for Holden would "moot" the snap removal because Wildeck "did not become a party to this lawsuit until after the Missouri

Defendant, ISS, was joined and served." Doc. 23 at 4. This unsupported assertion reads more into section 1441(b)(2) than its text can bear. While the statute bars removal after a forum-state defendant is "properly joined and served," it cannot be read to prohibit the oldest joined-and-served party from being a forum-state defendant. *See* 28 U.S.C. § 1441(b)(2). Here, Holden properly removed this action before ISS was served. The anticipated service of Wildeck after ISS cannot render the valid removal void after-the-fact. Thus, the Court denies Lumpkins' Motion to Remand.

**III. Dismissal of Holden**

It is undisputed that Holden was fraudulently joined and should be dismissed. Doc. 1 ¶¶ 33–35; Docs. 20–21, 24. Accordingly, the Court dismisses Holden from this action without prejudice. See *Murphy*, 699 F.3d at 1031 (permitting district court to "assume jurisdiction over a facially nondiverse case temporarily[,] . . . dismiss the nondiverse party from the case[,] and retain subject matter jurisdiction over the remaining claims").

**CONCLUSION**

Accordingly, the Court **DENIES** Plaintiff Linsey Lumpkins' [22] Motion to Remand but **DISMISSES** Defendant Holden Industries, Inc. as fraudulently joined. As such, the Clerk of Court is directed to terminate Holden as a party.

So ordered this 9th day of October 2026.



ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE